UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LIBERTY DIVERSIFIED INDUSTRIES, INC., a Minnesota corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HEADRICK BUILDING PRODUCTS, INC., a Georgia corporation,<br><br>Defendant. | Court File No. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br>**(Jury Trial Demanded)** |

Plaintiff, Liberty Diversified Industries, Inc., for its Complaint against Defendant Headrick Building Products, Inc., states and alleges as follows:

## PARTIES

1. Plaintiff, Liberty Diversified Industries, Inc. (hereinafter "Liberty Diversified"), is a Minnesota corporation with its principal place of business at 5600 North Highway 169, Minneapolis, Minnesota 55428.

2. Upon information and belief, Defendant Headrick Building Products, Inc. (hereinafter "Headrick"), is a Georgia corporation with its principal place of business at 5775 Bethelview Road, Cumming, Georgia 30040.

## JURISDICTION AND VENUE

3. Subject matter jurisdiction is based on 28 U.S.C. §§ 1331 and 1338(a), in that this action arises under the patent laws of the United States (35 U.S.C. § 1 et seq.).

4.  Jurisdiction and venue lie in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c), as Headrick is subject to personal jurisdiction, does business, and has committed acts of infringement in this district.

## FACTUAL BACKGROUND

5.  Liberty Diversified restates, realleges, and incorporates by reference the allegations set forth in paragraphs 1 through 4.

6.  On September 17, 2002, United States Patent No. 6,450,882 (hereinafter "the '882 Patent"), entitled "Precipitation Resistant Ridge Vent," was duly and legally issued to Liberty Diversified as the assignee of inventors Richard J. Morris and Scott Charles VanWey. A true and correct copy of the '882 Patent is attached hereto and made a part hereof as Exhibit A.

7.  On September 23, 2003, United States Patent No. 6,623,354 (hereinafter "the '354 Patent"), entitled "Precipitation Resistant Ridge Vent," was duly and legally issued to Liberty Diversified as the assignee of inventors Richard J. Morris and Scott Charles VanWey. A true and correct copy of the '354 Patent is attached hereto and made a part hereof as Exhibit B.

8.  Liberty Diversified is the owner of the '882 Patent and the '354 Patent by assignment from the inventors, Richard J. Morris and Scott Charles VanWey. As the owner of the '882 Patent and the '354 Patent, Liberty Diversified is authorized and has standing to bring legal action to enforce all rights arising under the '882 Patent and the '354 Patent.

9.  The '882 Patent and the '354 Patent cover various inventive aspects of a precipitation resistant vent for a structure, such as a roof, enclosing an interior space, such as an attic.

10. Upon information and belief, Headrick is in the business of manufacturing, selling, offering for sale and/or importing its ridge vent products, including at least its Full Flow™ filtered ridge vent products, in Minnesota and elsewhere in the United States.

## COUNT I – PATENT INFRINGEMENT OF THE '882 PATENT

11. Liberty Diversified restates, realleges, and incorporates by reference the allegations set forth in paragraphs 1 through 10.

12. Headrick's vent products, including at least its Full Flow™ filtered ridge vent products, directly infringe, contributorily infringe, and/or induce the infringement of one or more claims of the '882 Patent in violation of U.S. Patent Laws, including, but not limited to, 35 U.S.C. § 271, and all causes of action and remedies permitted thereunder, to the damage and injury of Liberty Diversified. Product information and specifications for the Full Flow™ Ridge Vent products are attached hereto and made a part hereof as Exhibit C.

13. Upon information and belief, the acts of infringement by Headrick are willful, intentional, and in conscious disregard of Liberty Diversified's rights under the '882 Patent.

14. As a result of Headrick's infringement of the '882 Patent, Headrick has made, and will continue to make, unlawful gains and profits. Further, Liberty Diversified has been and will continue to be irreparably damaged and deprived of its rights secured by the '882 Patent due to the unlawful infringement by Headrick.

15. Liberty Diversified has been and will continue to be deprived of revenue, profit, and gain that it would otherwise have generated but for Headrick's infringement of the '882 Patent, and Headrick has caused, and will continue to cause, losses and damages in amounts that cannot be determined with specificity except by an accounting, as well as irreparable losses and damages.

16. Liberty Diversified is entitled to preliminary and permanent injunctive relief, enjoining Headrick from further and continuing infringement of the '882 Patent.

## COUNT II – PATENT INFRINGEMENT OF THE '354 PATENT

17. Liberty Diversified restates, realleges, and incorporates by reference the allegations set forth in paragraphs 1 through 16.

18. Headrick's vent products, including at least its Full Flow™ filtered ridge vent products, directly infringe, contributorily infringe, and/or induce the infringement of one or more claims of the '354 Patent in violation of U.S. Patent Laws, including, but not limited to, 35 U.S.C. § 271, and all causes of action and remedies permitted thereunder, to the damage and injury of Liberty Diversified.

19. Upon information and belief, the acts of infringement by Headrick are willful, intentional, and in conscious disregard of Liberty Diversified's rights under the '354 Patent.

20. As a result of Headrick's infringement of the '354 Patent, Headrick has made, and will continue to make, unlawful gains and profits. Further, Liberty Diversified has been and will continue to be irreparably damaged and deprived of its rights secured by the '354 Patent due to the unlawful infringement by Headrick.

21. Liberty Diversified has been and will continue to be deprived of revenue, profit, and gain that it would otherwise have generated but for Headrick's infringement of the '354 Patent, and Headrick has caused, and will continue to cause, losses and damages in amounts that cannot be determined with specificity except by an accounting, as well as irreparable losses and damages.

22. Liberty Diversified is entitled to preliminary and permanent injunctive relief, enjoining Headrick from further and continuing infringement of the '354 Patent.

## JURY DEMAND

23.     Pursuant to FED. R. CIV. P. 38(b), Plaintiff Liberty Diversified requests a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Liberty Diversified prays for relief as follows:

A.      A judgment that Headrick has directly infringed, induced infringement, and/or contributed to the infringement of Liberty Diversified's rights under the '882 Patent and the '354 Patent;

B.      A judgment preliminarily and permanently enjoining and restraining Headrick and its subsidiaries, parents, officers, directors, agents, servants, employees, affiliates, attorneys and all other persons in active concert or participation with Headrick, from directly infringing, infringing by inducement, and/or contributing to the infringement of the '882 Patent and the '354 Patent;

C.      A judgment that Headrick's various acts of infringement of the '882 Patent and the '354 Patent have been in willful, knowing, and deliberate disregard of Liberty Diversified's patent rights and requiring Headrick to pay damages under 35 U.S.C. § 284, including treble damages for willful infringement, with interest;

D.      A judgment awarding Liberty Diversified damages, including lost profits, adequate to compensate for Headrick's infringement, but not less than a reasonable royalty, resulting from Headrick's various acts of infringement;

E.      A judgment awarding damages to Liberty Diversified of pre-judgment and post-judgment interest on Liberty Diversified's damages as allowed by law;

F. A judgment awarding damages to Liberty Diversified for its costs, disbursements and attorneys' fees incurred in prosecuting this action, with interest, including all damages for an exceptional case, pursuant to 35 U.S.C. § 285, and otherwise according to law; and

G. Such other relief as the Court may deem just, equitable, and proper.

Respectfully submitted,

**PATTERSON, THUENTE,
SKAAR & CHRISTENSEN, P.A.**

Dated: August 17, 2005  By: _/s/ Randall T. Skaar_
Randall T. Skaar (#165,013)
Eric H. Chadwick (#248,769)
Matthew T. Macari (#308,717)
4800 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2100
Telephone: (612) 349-5740
Facsimile: (612) 349-9266

**ATTORNEYS FOR PLAINTIFF
LIBERTY DIVERSIFIED INDUSTRIES, INC.**